Laws 1777, Rev., ch. 115, sec. 13, made it the duty of the clerk or attorney issuing process to mark thereon the day on which it shall be issued. When process has been issued by an attorney, his indorsement thereon of the day on which it is issued is prima facie evidence but no more.
The Legislature did not intend to give such an indorsement the force of a record. In the present case the plaintiffs proved that the indorsement was made by T. Lacy; it was surely competent for the defendant to prove (and by evidence of the same grade) that the indorsement was not made by T. Lacy, but that it was made by some other person, or that if it was made by T. Lacy he was mistaken as to the day on which the writ issued. It seems to me it was a question proper to be decided by such evidence. *Page 107 
Therefore I think the rule for granting a new trial should be made absolute.
PER CURIAM. Judgment reversed and rule for new trial made absolute.
Approved: Jenkins v. Cockerham, 23 N.C. 309; Simpson v. Sutton,61 N.C. 112.